FILED

2009 OCT 27  PM 4: 03

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
   JAMES M. CHADWICK, Cal. Bar No. 157114
2  VALERIE E. ALTER, Cal Bar No. 239905
   THAYER M. PREECE, Cal. Bar No. 241824
3  1901 Avenue of the Stars, 16th Floor
   Los Angeles, California 90067
4  Telephone:   (310) 228-3700
   Facsimile:   (310) 228-3930
5  E-mail:   jchadwick@sheppardmullin.com
             valter@sheppardmullin.com
6             tpreece@sheppardmullin.com

7  Attorneys for Plaintiff
   BRIGHT IMPERIAL LIMITED
8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                    WESTERN DIVISION

12
   BRIGHT IMPERIAL LIMITED, a       Case No. CV09-7840 FMC
13 Hong Kong limited liability company,

14                    Plaintiff,       COMPLAINT FOR UNFAIR
                                       COMPETITION AND FALSE
15        v.                           DESIGNATION OF ORIGIN;
                                       TRADEMARK DILUTION;
16 WEB ENTERTAINMENT GROUP            COMMON LAW TRADEMARK
   INC., a Florida corporation; ATHENS INFRINGEMENT AND UNFAIR
17 DEVELOPMENTS LTD., a business      COMPETITION;
   entity of unknown form and origin;  CYBERSQUATTING; BREACH OF
18 WEB ENTERTAINMENT GROUP,           CONTRACT;
   LTD., a business entity of unknown  MISAPPROPRIATION OF TRADE
19 form and origin,; NEO PUBLISHING   SECRETS; INTENTIONAL
   LTD., a business entity of unknown  INTERFERENCE WITH
20 form and origin, RAINBOW EIGHT, a  CONTRACTUAL RELATIONS;
   business entity of unknown form and INTENTIONAL INTERFERENCE
21 origin, INTEGRALNET              WITH PROSPECTIVE ECONOMIC
   MARKETING, INC., a Florida         ADVANTAGE; AND FRAUD
22 corporation, JASON ZIMMERMAN,
   an individual, JOHN SKORICK, an
23 individual, and DOES 1 through 10,  DEMAND FOR JURY TRIAL.
   inclusive,
24
                    Defendants.
25

26

27

28

1    Plaintiff Bright Imperial Limited ("Bright") alleges the following:

2    **NATURE OF THE CASE**

3    1.    This is an action seeking damages and injunctive relief for (1)

4    unfair competition (15 U.S.C. § 1125(a)), (2) trademark dilution ((15 U.S.C.

5    § 1125(c), (3) common law trademark infringement and unfair competition

6    (California common law), (4) cybersquatting (15 U.S.C. § 1125(d)), (5) breach of

7    contract (California common law), (6) misappropriation of trade secrets (Cal. Civ.

8    Code § 3426, *et seq*), (7) interference with contractual relations (California common

9    law), (8) intentional interference with economic advantage (California common law),

10    and (9) fraud (Cal. Civ. Code §§ 1709 and 1572).

11    **JURISDICTION AND VENUE**

12    2.    The First, Second, and Fifth Causes of Action arise under the

13    federal Lanham Act, 15 U.S.C. § 1051, *et seq*.  This Court has original subject matter

14    jurisdiction over these claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331

15    and 1338.

16    3.    The Third and Fourth Causes of Action arises under California

17    statutory and common law.  This Court has supplemental jurisdiction of that Cause of

18    Action pursuant to 28 U.S.C. § 1367(a) because it is part of the same case or

19    controversy as the First, Second, and Fifth Causes of Action.

20    4.    The Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action

21    arise under California statutory and common law.  This Court has original subject

22    matter jurisdiction over these claims pursuant to 15 U.S.C. § 1332(a) because Bright

23    is a citizen of Hong Kong and, on information and belief, defendants Web

24    Entertainment Group, Inc. and Integralnet Marketing, Inc. are Florida corporations,

25    Jason Zimmerman, and John Skorick are citizens of the State of California, Web

26    Entertainment Group Ltd., Athens Development Ltd., and Neo Publishing Ltd. are

27    located in St. Kitts & Nevis, East Caribbean, and the amount in controversy exceeds

28    $75,000.

1

1        5.    Venue is proper in this judicial district pursuant to 28 U.S.C.

2    § 1391(b) because a substantial part of the events or omissions giving rise to the

3    claims asserted herein occurred or had effects in this district, and because at least

4    some of Defendants reside in this district for purposes of 28 U.S.C. § 1391(b).

5    **THE PARTIES**

6        6.    Bright is a Hong Kong limited liability company.  It owns and

7    operates the highly trafficked adult website www.redtube.com (the "RedTube

8    Website").  Bright's principal place of business is in Wanchai, Hong Kong SAR.

9        7.    On information and belief, Defendant Web Entertainment Group,

10   Inc. ("WEG") is a Florida corporation.  On information and belief, WEG is in the

11   adult entertainment business and distributes adult content.  On information and belief,

12   WEG's principal place of business is at 950 Peninsula Corporate Circle, Suite 2006,

13   Boca Raton, Florida 33478.  On information and belief, WEG also operates in

14   California, and maintains an address at 6789 Quail Hill Pkwy #319, Irvine CA 92603.

15       8.    On information and belief, Defendant Web Entertainment Group,

16   Ltd. ("WEGLTD") is a business entity whose form and country or state of

17   incorporation is unknown.  On information and belief, WEGLTD is in the adult

18   entertainment business and distributes adult content.  On information and belief,

19   WEGLTD has an address at Amory Building, Suite 3820, Victoria Road, Basseterre,

20   St. Kitts & Nevis, East Caribbean.  On information and belief, WEGLTD is the

21   international office of WEG.

22       9.    On information and belief, Defendant Athens Developments Ltd.

23   ("Athens") is a business entity, whose form and country or state of incorporation is

24   unknown.  On information and belief, Athens is in the adult entertainment business

25   and distributes adult content.  On information and belief, Athens has an address at

26   Amory Building, Victoria Road, Basseterre, St. Kitts & Nevis, East Caribbean.

27       10.    On information and belief, Defendant Neo Publishing Ltd. ("Neo")

28   is a business entity, whose form and country or state of incorporation is unknown.  On

2

1   information and belief, Neo is in the adult entertainment business and distributes adult
2   content.  On information and belief, Neo has an address at Amory Building, Victoria
3   Road, Basseterre, St. Kitts & Nevis, East Caribbean.

4          11.    On information and belief, Defendant Rainbow Eight ("Rainbow")
5   is a business entity, whose form and country or state of incorporation is unknown.  On
6   information and belief, Rainbow is in the adult entertainment business and distributes
7   adult content.  On information and belief, Rainbow has an address at 848 N. Rainbow
8   Blvd. #1003076, Las Vegas, NV, 89107.

9          12.    On information and belief, Defendant Integralnet Marketing, Inc.
10  ("Integralnet") is a Florida corporation.  On information and belief, Integralnet is the
11  parent company of WEG, and is in the adult entertainment business and distributes
12  adult content.  On information and belief, Integralnet's principal place of business is at
13  950 Peninsula Corporate Circle, Suite 2006, Boca Raton, Florida 33478.  On
14  information and belief, Integralnet also operates in California, and maintains an
15  address at 6789 Quail Hill Pkwy #319, Irvine CA 92603.

16         13.    On information and belief, Defendant Jason Zimmerman is an
17  individual with an address at 4 Hampshire, Ladera Ranch, CA 92694.  On information
18  and belief, Zimmerman is in the adult entertainment business and distributes adult
19  content.  On information and belief, Zimmerman is an owner of Defendants WEG and
20  Integralnet.

21         14.    On information and belief, Defendant John Skorick is an
22  individual with an address at 114 Pacifica, Suite 450, Irvine, CA 92618.  On
23  information and belief, Skorick is in the adult entertainment business and distributes
24  adult content.  On information and belief, Skorick is Chief Operating Officer of
25  Defendant WEG.

26         15.    On information and belief each of the above-named defendants is,
27  and at all relevant times was, the agent, joint venturer, co-conspirator, and/or alter ego
28  of each of its or their co-Defendants, and in committing the acts alleged herein, was

3

1  acting within the scope of said agency, and/or joint venture, and with the knowledge,

2  acquiescence or subsequent ratification of the above-named co-Defendants.  Such

3  relationships are evidenced in part by all of the Florida corporations having the same

4  business address and all of the Carribean corporations having the same business

5  address, as well as the joint operation of Defendants' websites by numerous

6  Defendant corporations.  Moreover, on information and belief, there is, and at all

7  relevant times was, such a unity of interest and comingling of funds between and

8  among WEG, WEGLTD, Athens, Neo, Rainbow, Integralnet, Zimmerman, and

9  Skorick, (collectively "Defendants") such that there is, and at all relevant times was,

10  no separateness between or among them such that each is, and at all relevant times

11  was, the alter ego of the others.  Recognition of the fiction of a separate existence

12  between and among them would sanction fraud and result in inequity to Bright.

13        16.    The true names and capacities of the defendants named herein as

14  DOES 1 through 20, whether individual, corporate, associate or otherwise, are

15  unknown to Bright, which therefore sues those defendants by such fictitious names.

16  Bright is informed and believes, and thereon alleges, that each of the defendants

17  designated as a "DOE" defendant is legally responsible for the events hereinafter

18  alleged and legally caused injury and damages proximately thereby to Bright as

19  herein alleged.  Bright will seek leave to amend this Complaint when the true names

20  and capacities of the DOE defendants have been ascertained.

21        17.    A number of domain name registrations are at dispute in this

22  lawsuit.  It currently appears as though Defendants are transferring or attempting to

23  transfer the disputed domain names in an effort to avoid potential liability or

24  injunctive relief.  This complaint will be amended to reflect accurate ownership of

25  these domains as such information becomes available through discovery.

26

27

28

1                      **FACTUAL BACKGROUND**

2  **Bright's Business And Marks**

3             18.    Bright owns and operates the RedTube Website, which provides

4  access to licensed adult videos free of charge.

5             19.    Bright's predecessor in interest began using the mark REDTUBE

6  (the "REDTUBE Trademark") in interstate commerce on an adult website no later

7  than July 2006.  Bright and its predecessor in interest have continuously used the

8  REDTUBE Trademark in interstate commerce in connection with adult entertainment

9  products since that time.

10            20.    The RedTube Website has been active since at least July 2006.

11  However, it was hosted on www.jpds.com/redtube until approximately March 2007,

12  when Bright's predecessor in interest registered the domain www.redtube.com.

13  Bright and its predecessor in interest have continuously used the domain

14  www.redtube.com since its registration.  Moreover, the RedTube Website has

15  maintained the same general format since its inception.

16            21.    The RedTube Website is immensely popular and well-known.  As

17  of October 21, 2009, according to the website www.alexa.com, which monitors web

18  traffic, the RedTube Website is the 67th most trafficked website in the world, ranked

19  ahead of www.nytimes.com, and is the 3rd most trafficked adult website in the world.

20            22.    The REDTUBE Trademark is suggestive, and therefore, inherently

21  distinctive.  Moreover, as a consequence of the widespread popularity and use of the

22  RedTube Website, the REDTUBE Trademark has become famous, web users

23  associate the REDTUBE Trademark with high quality adult videos, and Bright enjoys

24  significant resulting good will.  The REDTUBE Trademark had acquired this

25  distinctiveness by the time Defendants registered their first domain name using the

26  REDTUBE Trademark.

27            23.    Bright's predecessor in interest has applied to register the

28  REDTUBE Trademark both with the United States Patent and Trademark Office and

1  in numerous other countries around the world.  Bright has acquired all rights in the

2  REDTUBE Trademark from its predecessor.

3         24.    Bright's predecessor in interest has successfully registered the

4  REDTUBE Trademark in Australia, Switzerland, Singapore, and Iceland, and has

5  obtained an international registration through WIPO.

6         **Defendant WEG's Wrongful Acts Re Bright's Trademarks**

7         25.    On information and belief, on May 14, 2007 Defendants registered

8  the domain name www.redtube.org in the name of Defendant Rainbow Eight, which,

9  aside from the top level domain designation, is identical to the domain used by the

10  RedTube Website, and began operating an adult website at that address in June 2007.

11  On information and belief, Defendants registered www.redtube.org in bad faith, with

12  knowledge of the RedTube Website and with the intent to divert and acquire traffic

13  and profits from the RedTube Website and to unlawfully trade on the RedTube

14  Website's success, fame, goodwill, and high quality products, through the use of a

15  confusingly similar name and domain.

16         26.    Through the summer of 2009, www.redtube.org, like the RedTube

17  Website, operated as an adult website.  On information and belief, it, like the

18  RedTube Website, provided access to adult content, using a style and format that is

19  similar to the RedTube Website's.

20         27.    On information and belief, Defendants registered the domain

21  name www.redtube.pl, which is nearly identical to the domain used by the RedTube

22  Website, on May 21, 2007 and began operating an adult website at that address in

23  June 2007.  On information and belief, Defendants registered www.redtube.pl in bad

24  faith, with knowledge of the RedTube Website and with the intent to divert and

25  acquire traffic and profits from the RedTube Website and to unlawfully trade on the

26  RedTube Website's success, fame, goodwill, and high quality products, through the

27  use of a confusingly similar name and domain.

28

28.    During the summer of 2009, www.redtube.pl, like the RedTube Website, operated an adult website. On information and belief, it, like the RedTube Website, provided free access to adult content, using a style and format that is similar to the RedTube Website's.

29.    On information and belief, Defendants registered the domain name www.redtube.fr, which is nearly identical to the domain used by the RedTube Website, on May 16, 2007, and began operating a website at that address in June 2007. The website displayed at www.redtube.fr provided sponsored links to adult websites that compete with the RedTube Website. On information and belief, Defendants registered www.redtube.fr in bad faith, with knowledge of the RedTube Website and with the intent to divert and acquire traffic and profits from the RedTube Website and to unlawfully trade on the RedTube Website's success, fame, goodwill, and high quality products, through the use of a confusingly similar name and domain.

30.    On information and belief, Defendants registered the domain name www.redtube.com.br, which is nearly identical to the domain used by the RedTube Website, on May 29, 2007. On information and belief, months after registering the domain, Defendants began operating an adult website at that address. On information and belief, Defendants registered www.redtube.com.br in bad faith, with knowledge of the RedTube Website and with the intent to divert and acquire traffic and profits from the RedTube Website and to unlawfully trade on the RedTube Website's success, fame, goodwill, and high quality products, through the use of a confusingly similar name and domain.

31.    During the summer of 2009, www.redtube.br, like the RedTube Website, operated an adult website. On information and belief, it, like the RedTube Website, provided free access to adult content, using a style and format that is similar to the RedTube Website's.

32.    On information and belief, Defendants registered the domain name www.redtube.ca, which is nearly identical to the domain used by the RedTube

1 | Website, on June 30, 2008, and shortly thereafter began redirecting that domain name
2 | to one of their other adult websites, www.tube4free.com. On information and belief,
3 | Defendants registered www.redtube.ca in bad faith, with knowledge of the RedTube
4 | Website and with the intent to divert and acquire traffic and profits from the RedTube
5 | Website and to unlawfully trade on the RedTube Website's success, fame, goodwill,
6 | and high quality products, through the use of a confusingly similar name and domain.

7 | 33.   The site to which www.redtube.ca directs, like the RedTube
8 | Website, is an adult website. On information and belief, it, like the RedTube Website,
9 | provides free access to adult content, using a style and format that is similar to the
10 | RedTube Website's.

11 | 34.   Defendants' use of the REDTUBE Trademark in the domain
12 | names and on the websites at www.redtube.org, www.redtube.pl, www.redtube.fr,
13 | www.redtube.com.br, and www.redtube.ca ("Defendants' Websites") is confusingly
14 | similar to Bright's REDTUBE Trademark and the domain name used by the RedTube
15 | Website, www.redtube.com. Defendants use the REDTUBE Trademark to brand and
16 | market their competing adult content. Moreover, Defendants' Websites follow a
17 | similar format and layout to that used on the RedTube Website.

18 | 35.   Defendants' Websites were all registered using masking or privacy
19 | services that conceal the registrant information from public WHOIS records for those
20 | domain names, in an attempt to conceal Defendants' identities. Moreover, Defendants
21 | appear to be attempting to transfer these domain names in order to avoid potential
22 | liability or injunctive relief. This complaint will be amended to reflect accurate
23 | ownership information as it becomes available through discovery.

24 | 36.   Defendants' Websites are likely to cause actual confusion amongst
25 | the consuming public. Like Bright, Defendants provide adult content. On
26 | information and belief, both Bright and Defendants distribute their content primarily
27 | through the Internet. Bright and Defendants compete for the same Internet traffic.
28 | Defendants' use of the infringing Defendants' Websites creates a false and confusing

1  connection between Defendants' products and services and the products and services
2  provided by Bright.  Such confusion as to the origin of goods and services is likely to
3  continue unless enjoined and, on information and belief, has caused actual confusion
4  among consumers as to the source of Defendants' products and services.

5          37.    Defendants have used and continue to use the REDTUBE
6  Trademark itself, and confusingly similar names and domains, in interstate commerce.
7  Defendants' Websites can be, and on information and belief, have been, accessed
8  throughout the United States.  On information and belief, Defendants have earned and
9  continue to earn substantial revenues and profits from the operation of the Defendants'
10 Websites, which are confusingly similar to the RedTube Website.

11         38.    Bright has been damaged by Defendants' conduct in an amount not
12 yet known, and are entitled to restitution in the form of all revenues and profits
13 generated by Defendants' Websites and the transfer of Defendants' domain names.
14 Bright will continue to be damaged unless Defendants' use of the REDTUBE
15 Trademark is enjoined.

16         39.    A true and correct copy of an image showing the current use of the
17 REDTUBE Trademark on Bright's RedTube Website is attached hereto as Exhibit A.
18 True and correct copies of images showing the front or home pages of Defendants'
19 infringing Websites are attached as Exhibit B.

20 **Bright's Confidential Memorandum**

21         40.    In early 2008, Bright considered selling the RedTube Website.  To
22 that end, it prepared a memorandum (the "Confidential Memorandum") that provided
23 detailed and trade secret information, including, but not limited to, information about
24 Bright's marketing plans, revenues, profit margins, and other financial data.

25         41.    Bright executed a separate confidentiality agreement (the
26 "Confidentiality Agreement") with each party to which it gave a copy of the
27 Confidential Memorandum, prior to divulging the Confidential Memorandum.  The
28 Confidentiality Agreement obligated parties that received the Confidential

1  Memorandum to "keep in strict confidence all the Business Secrets." It further

2  provided that "[d]ivulging information to any Third-parties is not permitted and shall

3  be deemed breach of contract at this stage of negotiations." The Confidentiality

4  Agreement defined "Business Secrets" to include "names, company names and data."

5  A true and correct copy of the Confidentiality Agreement is attached hereto as Exhibit

6  C, and is incorporated by this reference.

7         42.    Bright distributed the Confidential Memorandum to third parties

8  who expressed an interest in purchasing the RedTube Website. If a third party did not

9  express interest in purchasing the RedTube website, Bright did not disclose the

10  Confidential Memorandum.

11        43.    The cover page of the Confidential Memorandum clearly states

12  "Memorandum Strictly Confidential." The second page states, "The recipient of this

13  Memorandum has already executed a confidentiality agreement, which continues to

14  be valid and binding and shall apply to this Memorandum in particular as regards

15  information contained in this Memorandum and information received otherwise in

16  connection with a potential transaction concerning the Company."

17        44.    The Confidential Memorandum further obligated recipients to

18  "use the Memorandum, information contained [therein] and information concerning a

19  potential transaction involving the Company obtained from any other source (together

20  the 'Information') only to evaluate a specific transaction with regard to the Company

21  and for no other purpose" and to "divulge Information only to individuals defined in

22  the confidentiality agreement."

23        45.    Finally, Bright watermarked each copy of the Confidential

24  Memorandum that it distributed with the name of the recipient. In the event of a

25  breach of the Confidentiality Agreement and an unauthorized disclosure of the

26  Confidential Memorandum, the watermark enables Bright to identify the disclosing

27  party.

28

46.    The information contained in the Confidential Memorandum was highly confidential to Bright and not generally known to others. By (1) noting the confidential nature of the Confidential Memorandum on its face, (2) entering into the Confidentiality Agreement with every entity to whom it disclosed the Confidential Memorandum, and (3) watermarking the Confidential Memorandum, Bright has diligently maintained the secrecy of the Confidential Memorandum and the data contained therein.

47.    The information contained in the Confidential Memorandum was and is highly valuable to Bright, because it details the ins and outs of Bright's operations.  Moreover, it would be very valuable to any competitor of Bright's, as it would enable the competitor, knowing all of Bright's vital statistics, including but not limited to its structure, costs, and profit margins, to compete more effectively with Bright.

**Defendants' Wrongful Acts Re Bright's Confidential Memorandum**

48.    On or about April 2, 2008, Bright entered into the Confidentiality Agreement with WEG.  Defendant Skorick was authorized to sign and did sign on behalf of WEG.  WEG is a competitor of Bright's in the field of online adult entertainment.

49.    Prior to signing the Confidentiality Agreement on or about April 2, 2008 in Irvine, CA, Skorick and WEG falsely indicated that WEG was interested in purchasing the RedTube Website.

50.    On information and belief, at the time that WEG and Skorick made such representations, they knew that their representations were false and that WEG had no intention of purchasing the RedTube Website.  Rather, WEG and Skorick indicated that WEG was interested in purchasing the RedTube website in order to induce Bright to rely on their statements and to disclose the information contained in the Confidential Memorandum.

11

51.  Bright reasonably relied on WEG's and Skorick's representations and disclosed a copy of the Confidential Memorandum to WEG. The Confidential Memorandum was watermarked, so that any copy of the memorandum bore the words "Web Entertainment Group, Inc." in large type running diagonally from the bottom left hand corner to the top right hand corner of each page. True and correct copies of the first and second pages of the Confidential Memorandum given to WEG are attached hereto as Exhibit D, and incorporated herein by this reference.

52.  On information and belief, WEG disclosed the Confidential Memorandum to Kevin Cammarata and/or Paolo Cammarata. WEG did not seek, and Bright did not provide, permission to disclose the Confidential Memorandum to Kevin or Paolo Cammarata. Bright did not itself disclose or otherwise authorize the disclosure of the Confidential Memorandum to Kevin and/or Paolo Cammarata.

53.  Bright is aware of this disclosure because Paolo Cammarata attached a copy of the Confidential Memorandum bearing the WEG watermark to a declaration that he filed in a lawsuit, *Camamrata v. Bright Imperial Limited* (the "Cammarata Lawsuit"), Superior Court of California for the County of Los Angeles, Case No. BC410599.

54.  On information and belief, at the time that WEG improperly disclosed the Confidential Memorandum to Kevin and/or Paolo Cammarata, Bright had relationships with existing and potential advertisers, who placed or sought to place advertisements on the RedTube Website. Bright's relationship with the advertisers was and is its primary source of revenue. Existing advertisers were placing ads on the RedTube Website, and potential advertisers likely would have, resulting in future economic benefit to Bright.

55.  On information and belief, at the time the WEG improperly disclosed the Confidential Memorandum to Kevin and/or Paolo Cammarata, WEG was aware of Bright's relationships with the existing and potential advertisers and intended to disrupt those relationships.

1    56.    On information and belief, as a direct result of WEG's improper

2 disclosure of the Confidential Memorandum, Bright's economic relationship with the

3 existing and potential advertisers was actually disrupted; certain advertisers requested

4 lower rates, and others declined to advertise on the RedTube Website.

5    57.    On information and belief, but for WEG's disclosure of the

6 Confidential Memorandum to Kevin and/or Paolo Cammarata, the Cammarata lawsuit

7 never would have been filed.  Bright has expended hundreds of thousands of dollars

8 in attorney's fees and costs in defending against the Cammarata Litigation (the

9 "Cammarata Costs").

10                    **FIRST CAUSE OF ACTION**

11    **(Unfair Competition and False Designation of Origin, 15 U.S.C. §1125(a),**

12                    **Against All Defendants)**

13    58.    Bright incorporates herein the allegations in paragraphs 1 through

14 57, as set forth above.

15    59.    Defendants have used and are using the REDTUBE Trademark in

16 commerce in connection with adult entertainment products, without permission from

17 Bright, which owns the right to use the REDTUBE Trademark in connection with

18 adult entertainment services.  Defendants are also using domain names that

19 incorporate and are confusingly similar to the REDTUBE Trademark.

20    60.    Defendants' use of an identical trademark and confusingly similar

21 domain names on Defendants' Websites, in interstate commerce, constitutes false

22 designation of origin, false advertising, and passing off in violation of 15 U.S.C.

23 § 1125(a).  This use engenders a belief by the consuming public that Defendants'

24 products and services are offered, sponsored, authorized, licensed by, or otherwise

25 connected with Bright or come from the same source as Bright's products and

26 services, and are of the same quality as that assured by Bright's REDTUBE

27 Trademark, which is false.

28

1        61.    On information and belief, Defendants' use of an identical

2 trademark and confusingly similar domain names on Defendants' Websites, in

3 interstate commerce, has caused actual consumer confusion and is likely to continue

4 causing consumers to believe that Bright has produced, sponsored, authorized,

5 licensed, or is otherwise connected or affiliated with Defendants' Websites, to Bright's

6 detriment.

7        62.    On information and belief, Defendants have willfully and

8 intentionally chosen trademarks and domain names for Defendants' Websites that are

9 identical or confusingly similar to Bright's REDTUBE trademark and RedTube

10 Website, with the intent of causing confusion and mistake and of misleading and

11 deceiving the public into believing that Defendants' Websites and services are

12 associated with the RedTube Website and Bright's services.

13        63.    On information and belief, as a direct and proximate result of

14 Defendants' unlawful acts as set forth above, including the unauthorized use of the

15 REDTUBE Trademark, Defendants have earned and continue to earn substantial

16 revenues and profits from the operation of the Defendants' Websites, which are

17 confusingly similar to the RedTube Website.

18        64.    As a direct and proximate result of Defendants' unlawful acts as

19 set forth above, including unauthorized use of the REDTUBE Trademark, Bright has

20 suffered and will continue to suffer injury to its business, goodwill, and property.

21        65.    Bright is entitled to recover from Defendants the damages that it

22 has sustained and will sustain as a result of Defendants' wrongful conduct as alleged

23 herein. Bright is further entitled to recover from Defendants the gains, profits and

24 advantages that Defendants have obtained as a result of the wrongful conduct alleged

25 herein. Bright is at present unable to ascertain the full extent of its damages, or the

26 gains, profits, and advantages that Defendants have obtained by reason of the

27 wrongful conduct described herein, but those amounts will be proven at trial.

28

66.    Bright is further entitled to an award of enhanced damages and to recover its attorneys' fees pursuant to 15 U.S.C. § 1117.

67.    Bright has no adequate remedy at law to compel Defendants to cease their wrongful acts.  Unless Defendants are preliminarily and permanently enjoined from committing these unlawful acts as set forth above, including the unauthorized use of Bright's REDTUBE Trademark, Bright will continue to suffer irreparable harm.

68.    Bright is entitled to an injunction pursuant to 15 U.S.C. § 1116 restraining Defendants and their officers, agents, servants and employees, and all persons  in active concert or participation with them from engaging in any further such acts of unfair competition and false designation of origin in violation of 15 U.S.C. § 1125.

## SECOND CAUSE OF ACTION

**(Trademark Dilution, 15 U.S.C. §1125(c), Against All Defendants)**

69.    Bright incorporates herein the allegations in paragraphs 1 through 68, as set forth above.

70.    Due at least in part to widespread use and notoriety of the RedTube Website, including millions of unique visitors each day, the REDTUBE Trademark is "famous" within the meaning of the Lanham Act § 43(c), 15 U.S.C. § 1125(c).

71.    Defendants' acts described above have diluted and continue to dilute Bright's distinctive REDTUBE Trademark.  These acts violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and have injured and, unless immediately restrained, will continue to injure Bright, causing damage to Bright in an amount to be determined at trial, as well as irreparable injury to Bright's goodwill and reputation associated with the value of the REDTUBE Trademark.

72.    Upon information and belief, Defendants' use of trademarks and domain names identical or confusingly similar to the REDTUBE Trademark in commerce began after the REDTUBE Trademark became famous.

73.    Upon information and belief, Defendants acted knowingly, deliberately, and willfully, with the intent to trade on the reputation of the REDTUBE Trademark, and to dilute Bright's REDTUBE Trademark.

74.    Bright has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

75.    In light of the foregoing, Bright is entitled to injunctive relief prohibiting Defendants from using the Redtube Trademark, and to recover all damages, including attorneys' fees, that Plaintiff Bright has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of its infringing acts alleged above in an amount not yet known but subject to proof at trial, and the costs of this action.

## THIRD CAUSE OF ACTION

### (Common Law Trademark Infringement and Unfair Competition Against All Defendants)

76.    Bright incorporates herein the allegations in paragraphs 1 through 75, as set forth above.

77.    Defendants have used and are using the REDTUBE Trademark in commerce in connection with adult entertainment products, without permission from Bright, which owns the exclusive right to use the REDTUBE Trademark in connection with adult entertainment services.

78.    Defendants' use of the REDTUBE trademark and confusingly similar domain names on Defendants' Websites in commerce constitutes false designation of origin, and unfair competition in violation of California common law, and engenders a belief by the consuming public that Defendants' products and

16

services are offered, sponsored, authorized, licensed by, or otherwise connected with Bright or come from the same source as Brights' products and services, and are of the same quality as that assured by Bright's REDTUBE Trademark, which is false.

79.    On information and belief, Defendants' use of the REDTUBE trademark and similar domain names on Defendants' Websites in commerce has caused actual consumer confusion and is likely to continue causing consumers to believe that Bright has produced, sponsored, authorized, licensed, or is otherwise connected or affiliated with Defendants' Websites, to Bright's detriment.

80.    On information and belief, Defendants have willfully and intentionally chosen trademarks and domain names for Defendants' Websites that are confusingly similar to Bright's REDTUBE trademark and RedTube Website, with the intent of causing confusion and mistake and of misleading and deceiving the public into believing that Defendants' Websites and services are associated with the RedTube Website and services.

81.    On information and belief, as a direct and proximate result of Defendants' unlawful acts as set forth above, including the unauthorized use of the REDTUBE Trademark, Defendants have earned and continue to earn substantial revenues and profits from the operation of the Defendants' Websites, which use the REDTUBE trademark and are confusingly similar to the RedTube Website.

82.    As a direct and proximate result of Defendants' unlawful acts as set forth above, including unauthorized use of the REDTUBE Trademark, Bright has suffered and will continue to suffer injury to its business, goodwill, and property.

83.    Bright is entitled to recover from Defendant the damages that it has sustained and will sustain as a result of Defendants' wrongful conduct as alleged herein. Bright is further entitled to recover from Defendants the gains, profits and advantages that Defendants have obtained as a result of the wrongful conduct alleged herein. Bright is at present unable to ascertain the full extent of its damages, or the

1   gains, profits, and advantages that Defendants have obtained by reason of the

2   wrongful conduct described herein, but those amounts will be proven at trial.

3        84.   Bright has no adequate remedy at law to compel Defendants to

4   cease their wrongful acts.  Unless Defendants are preliminarily and permanently

5   enjoined from committing these unlawful acts as set forth above, including the

6   unauthorized use of Bright's REDTUBE Trademark, Bright will continue to suffer

7   irreparable harm.  Therefore, Bright is entitled to injunctive relief under California

8   law, to prevent Defendants' ongoing violation of its common law trademark rights.

9   ### FOURTH CAUSE OF ACTION

10  **(Violation of Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. §**

11  **1125(d), Against All Defendants)**

12       85.   Bright incorporates herein the allegations in paragraphs 1 through

13  84, as set forth above.

14       86.   The REDTUBE Trademark is suggestive, and therefore, inherently

15  distinctive.  Moreover, as a consequence of the widespread use of the Redtube

16  Website, web users associate the RedTube Website and REDTUBE Trademark with

17  high quality adult films, and Bright enjoys significant resulting good will.  The

18  REDTUBE Trademark had acquired this distinctiveness by the time Defendants

19  registered their first domain name using Bright's REDTUBE Trademark.

20       87.   Defendants, by using the REDTUBE Tardemark in connection

21  with the registration, promotion, and operation of Defendants' Websites, which use

22  domain names that are nearly identical and confusingly similar to the REDTUBE

23  mark and RedTube Website's domain name, are misleading the public into falsely

24  believing that Defendants' Websites, products, and services are associated with,

25  sponsored by, or otherwise authorized by Bright, which is not true.  Defendants'

26  activities in violation of 15 U.S.C. § 1125(d) constitute cybersquatting.

27       88.   On information and belief, Defendants are, and at all relevant

28  times have been, knowingly using the REDTUBE Trademark in connection with

1  Defendants' Websites with the intent of diverting and acquiring traffic from the

2  RedTube Website. On information and belief, Defendants sought and continue to

3  seek to profit from the unauthorized use of the REDTUBE Trademark.

4       89.    Defendants' cybersquatting and acts alleged herein deprive Bright

5  of the benefit of the goodwill attached to the REDTUBE Trademark, injure Bright's

6  reputation, and dilute the distinctive quality of the REDTUBE Trademark.

7       90.    As a direct and proximate result of Defendants' cybersquatting,

8  and other acts alleged herein, Bright has been and continues to be injured in its

9  business and property, and has sustained and will continue to sustain substantial

10  damage to its business, goodwill, and reputation in an amount not presently known.

11       91.    Bright is entitled to the maximum statutory damages, pursuant to

12  15 U.S.C. § 1117(d), in the amount of $100,000, for each act of Defendants'

13  cybersquatting. Defendants have engaged in not less than five acts of cybersquatting,

14  by registering and opening websites at no less than five domains that are identical or

15  confusingly similar to the REDTUBE Trademark and website, and are therefore

16  liable for not less than $500,000.

17       92.    Bright has no adequate remedy at law. Unless Defendants are

18  preliminary and permanently enjoined from committing these unlawful acts as set

19  forth above, and the domain names associated with Defendants' websites are ordered

20  transferred to Bright, Bright will continue to suffer irreparable harm. Bright is

21  therefore entitled to injuctive relief against the continued use of the domains

22  registered by Defendants and the continued operation of websites at these domains.

23       93.    Bright is entitled to the transfer of Defendants' domain names that

24  bear the REDTUBE trademark under 15 U.S.C. § 1125(d)(1)(C).

### FIFTH CAUSE OF ACTION

### (Breach of Contract Against Defendant WEG)

27       94.    Bright incorporates herein the allegations in paragraphs 1 through

28  93, as set forth above.

1      95.   Bright and WEG entered into the Confidentiality Agreement on or

2  about April 2, 2008.

3      96.   The Confidentiality Agreement obligated WEG to keep all of

4  Bright's confidential information and trade secrets confidential.  Specifically, the

5  Confidentiality Agreement prevented WEG from disclosing Bright's Confidential

6  Memorandum to third parties.

7      97.   WEG did not seek, and Bright did not give, permission for WEG

8  to disclose the Confidential Memorandum to Kevin and/or Paolo Cammarata.  On

9  information and belief, WEG nonetheless disclosed the Confidential Memorandum to

10  Kevin and/or Paolo Cammarata, in a material breach of the Confidentiality

11  Agreement.

12      98.   As a result of WEG's conduct, Bright has been and continues to be

13  injured in its business and property and has sustained and will continue to sustain

14  substantial damage to its business and goodwill in an amount not presently known but

15  subject to proof at trial.

16      99.   As a result of WEG's conduct, Bright has suffered foreseeable

17  consequential damages, including, but not limited to, expenses incurred in defending

18  the Cammarata Lawsuit.

19                     **SIXTH CAUSE OF ACTION**

20       **(Misappropriation of Trade Secrets, Cal. Civ. Code § 3426, *et seq*,**

21                 **Against Defendants Skorick, WEG, and Does)**

22      100.   Bright incorporates herein the allegations in paragraphs 1 through

23  99, as set forth above.

24      101.   Bright owns, and at all relevant times owned, a trade secret in the

25  information contained in the Confidential Memorandum.

26      102.   The information contained in the Confidential Memorandum was

27  and is highly confidential to Bright.  The information was and is not generally known

28  to others.  Bright has diligently maintained the secrecy of that information by (1)

1 | noting the confidential nature of the Confidential Memorandum on its face, (2)

2 | entering into the Confidentiality Agreement with every entity to whom it disclosed

3 | the Confidential Memorandum, (3) watermarking the Confidential Memorandum, and

4 | (4) taking other reasonable measures to protect the secrecy of the information.

5 |           103.   The information contained in the Confidential Memorandum has

6 | independent economic value because it would be very valuable to any competitor of

7 | Bright's, as it would enable the competitor, knowing all of Bright's vital statistics,

8 | including, but not limited to, its structure, costs, and profit margins, to compete more

9 | effectively with Bright.

10 |           104.   On information and belief, WEG, by disclosing the Confidential

11 | Memorandum to Kevin Cammarata, Paolo Cammarata, and/or others, without Bright's

12 | permission, disclosed the Confidential Information in breach of the Confidentiality

13 | Agreement and through improper means.

14 |           105.   As a result of WEG's conduct, Bright has been and continues to be

15 | injured in its business and property and has sustained and will continue to sustain

16 | substantial damage to its business, goodwill, and reputation in an amount not

17 | presently known but subject to proof at trial.

18 | **SEVENTH CAUSE OF ACTION**

19 | **(Intentional Interference with Contractual Relations, Against Defendants**

20 | **Skorick, WEG, and Does)**

21 |           106.   Bright incorporates herein the allegations in paragraphs 1 through

22 | 105, as set forth above.

23 |           107.   There were contracts between Bright and Bright's advertisers,

24 | providing economic benefits and advantages to Bright.

25 |           108.   Defendants knew of the existence of the contracts.

26 |           109.   By disclosing the Confidential Memorandum to third parties,

27 | Defendants have intentionally engaged in activities intended to interfere with and

28 | disrupt the performance of these contracts.

21

110.   Defendants' conduct has interfered with and prevented performance of these contracts, or made performance of these contracts more expensive or difficult.

111.   Defendants have acted with malice, oppression, and fraud.

112.   As a result of Defendants' wrongful conduct, Bright has been harmed and has incurred damages in an amount not presently known but to be proven at trial.

## EIGHTH CAUSE OF ACTION

**(Intentional Interference with Prospective Economic Advantage, Against Defendants Skorick, WEG, and Does)**

113.   Bright incorporates herein the allegations in paragraphs 1 through 112, as set forth above.

114.   Bright had relationships with various advertisers with the probability of future economic benefit to Bright.  On information and belief, WEG was aware of Bright's prospective economic relationships with the various advertisers, and intended to disrupt those relationships by improperly disclosing the Confidential Memorandum.

115.   WEG engaged in an independent wrongful act by improperly disclosing and thereby misappropriating Bright's trade secrets.  As a direct result of WEG's conduct, Bright's relationship with its potential advertisers was disrupted.

116.   As a result of WEG's conduct, Bright has been and continues to be injured in its business and property and has sustained and will continue to sustain substantial damage to its business and goodwill in an amount not presently known bu subject to proof at trial.

## NINTH CAUSE OF ACTION

### (Fraud, Cal. Civ. Code §§ 1709 and 1752 and Common Law,

### Against Defendants Skorick, WEG, and Does)

117.   Bright incorporates herein the allegations in paragraphs 1 through 116, as set forth above.

118.   On or about April 2, 2008, Bright entered into the Confidentiality Agreement with WEG.  Defendant Skorick was authorized to sign and did sign on behalf of WEG.

119.   Prior to signing the Confidentiality Agreement on or about April 2, 2008 in Irvine, California, Defendants Skorick and WEG falsely indicated to Bright that WEG was interested in purchasing the RedTube Website.

120.   On information and belief, at the time that WEG and Skorick made such representations, they knew that their representations were false and that WEG had no intention of purchasing the RedTube Website.  Rather, WEG and Skorick indicated that WEG was interested in purchasing the RedTube website in order to induce Bright to rely on their statements so that they could obtain, misuse, and improperly disclose the information contained in the Confidential Memorandum.

121.   Bright reasonably relied on WEG's and Skorick's representations and disclosed a copy of the Confidential Memorandum to WEG.  At the time it entered into the Confidentiality Agreement with Defendants and provided them with the Confidential Memorandum, Bright was not aware of Defendants' secret and undisclosed intent to misuse and improperly disclosed the Confidential Memorandum. Based on Defendants' statements, promises, and apparent business operations, Bright believed that Defendants were actually and sincerely interested in the possibility of acquiring the RedTube Website.

122.   In violation of their promises and representations to Bright, Defendants misused and improperly disclosed the Confidential Memorandum.  The Confidential Memorandum was watermarked, so that the original and any copy of the

23

1  memorandum provided to or made by Defendants bore the words "Web

2  Entertainment Group, Inc." in large type running diagonally from the bottom left hand

3  corner to the top right hand corner of each page.  Defendants provided a copy or

4  copies of the Confidential Memorandum to Kevin Cammarata, Paolo Cammarata,

5  and/or others, without Bright's permission.  Copies of the version of the Confidential

6  Memorandum were subsequently relied upon by the Cammaratas in initiating and

7  pursuing litigation against Bright.  Bright is informed and believes that in the absence

8  of Defendants' disclosure of the Confidential Memorandum to the Cammaratas, that

9  litigation would not have been brought, as there were other adult entertainment

10  websites using the same business model as Bright's RedTube Website and receiving

11  even more traffic at the time. True and correct copies of the first and second pages of

12  the Confidential Memorandum given to WEG, attached hereto as Exhibit D, are

13  incorporated herein by this reference.

14        123.   As a result of WEG's conduct, Bright has been and continues to be

15  injured in its business and property and has sustained and will continue to sustain

16  substantial damage to its business and goodwill in an amount not presently known but

17  subject to proof at trial.

18                    **PRAYER FOR RELIEF**

19        Bright requests the following relief as a result of the unlawful acts of

20  Defendants described herein:

21        A.    A Judgment in favor of Bright on all of the claims for relief

22  pleaded herein.

23        B.    That Defendants, and all persons and entities acting in concert

24  with them, be preliminarily and thereafter permanently enjoined and restrained,

25  pursuant to the Court's inherent equitable powers and pursuant to 15 U.S.C. § 1116

26  and Cal. Civ. Code § 3426.2, from using in any manner in connection with

27  Defendants' Websites, businesses, or the services or goods offered or sold by

28  Defendants, or in connection with any advertising or promotions for such businesses,

1  services, or goods, the REDTUBE Trademark and the www.redtube.org,

2  www.redtube.pl, www.redtube.fr, www.redtube.com.br, and www.redtube.ca domain

3  names, or any other domain names containing the REDTUBE trademark;

4       C.    An Order requiring Defendants, and all persons and entities acting

5  in concert with them, to cease using the domain names www.redtube.org,

6  www.redtube.pl, www.redtube.fr, www.redtube.com.br, www.redtube.ca, and any

7  other domain names owned by Defendants that are confusingly similar to the

8  REDTUBE trademark, and to transfer ownership of those domain names to Bright;

9       D.    That Defendants, and all persons and entities acting in concert

10  with them, be preliminarily and thereafter permanently enjoined and restrained from

11  any further use or disclosure of the Confidential Memorandum;

12       E.    An Order requiring Defendants, and all persons and entities acting

13  in concert with them, to return all copies of Bright's Confidential Memorandum

14  within its custody, possession, or control, and prohibiting them from using or

15  disclosing any information obtained from the Confidential Memorandum;

16       F.    An award to Bright of compensatory and consequential damages

17  flowing from defendant Defendants' wrongful acts, as described herein.

18       G.    An Order requiring defendant Defendants' to disgorge any and all

19  revenues, gains, profits, and advantages obtained and to be obtained by Defendants as

20  a result of defendant Defendants' unlawful acts as described herein.

21       H.    An Order finding that this case is exceptional and awarding

22  enhanced damages and attorney's fees pursuant to 15 U.S.C. §1117(a).

23       I.    An Order finding that Defendants intentionally and maliciously

24  misappropriated Bright's trade secrets and awarding exemplary damages and

25  attorney's fees pursuant to Cal. Civ. Code §§ 3426.3 and 3426.4.

26       J.    An Order requiring Defendants to pay punitive damages as a result

27  of Defendants' fraudulent conduct, as described herein.

28

1       K.    An Order finding that the Cammarata Litigation Costs were a

2 direct result of WEG's misappropriation of Bright's trade secrets, and awarding the

3 Cammarata Litigation costs as damages pursuant to the third-party tort doctrine.

4       L.    An Order that Bright recover its costs from Defendants.

5       M.    An Order awarding Bright prejudgment and postjudgment interest.

6       N.    An Order for such other and further relief as the Court may deem

7 just and appropriate.

8 Dated:  October 27, 2009      SHEPPARD MULLIN RICHTER & HAMPTON LLP
                                JAMES M. CHADWICK

9                                   VALERIE E. ALTER
                                  THAYER M. PREECE

10

11       By _Valerie E. A_____

12                                 VALERIE E. ALTER

13                         Attorneys for Plaintiff
                      BRIGHT IMPERIAL LIMITED

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DEMAND FOR JURY TRIAL

Plaintiff Bright Imperial Limited hereby demands a jury trial on all issues triable as of right to a jury.  Fed. R. Civ. P. 38(b).

Dated:  October 27, 2009                 SHEPPARD MULLIN RICHTER & HAMPTON LLP
                                         JAMES M. CHADWICK
                                         VALERIE E. ALTER
                                         THAYER M. PREECE

                                         By _____
                                                  VALERIE E. ALTER

                                              Attorneys for Plaintiff
                                            BRIGHT IMPERIAL LIMITED

400916581.7

27

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Florence-Marie Cooper and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## CV09- 7840 FMC (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Sheppard, Mullin, Richter & Hampton
James M. Chadwick (SBN 157114)
Valerie E. Alter (SBN 239905)
Thayer M. Preece (SBN 241824)
1901 Avenue of the Stars, 16th Floor
Los Angeles, California 90067
Telephone:(310) 228-3700
Facsimile:(310) 228-3930

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bright Imperial Limited, a Hong Kong limited liability company, **PLAINTIFF(S)** <br><br> v. <br><br> Web Entertainment Group Inc., a Florida corporation; Athens Developments Ltd., a business entity of unknown form and origin; WEB Entertainment Group, Ltd., a business entity of unknown form and origin,; Neo Publishing Ltd., a business entity of unknown form and origin, Rainbow Eight, a business entity of unknown form and origin, Integralnet Marketing, Inc., a Florida corporation, Jason Zimmerman, an individual, John Skorick, an individual, and Does 1 through 20, inclusive **DEFENDANT(S).** | **CASE NUMBER** <br><br> CV09-7840 FMC MLGx <br><br><br> **SUMMONS** |

TO:DEFENDANT(S): <u>Web Entertainment Group Inc., a Florida corporation; Athens Developments Ltd., a business entity of unknown form and origin; WEB Entertainment Group, Ltd., a business entity of unknown form and origin,; Neo Publishing Ltd., a business entity of unknown form and origin, Rainbow Eight, a business entity of unknown form and origin, Integralnet Marketing, Inc., a Florida corporation, Jason Zimmerman, an individual, John Skorick, an individual, and Does 1 through 20</u>

A lawsuit has been filed against you.

Within <u>20</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>James M. Chadwick</u>, whose address is <u>Sheppard Mullin Richter & Hampton LLP, 1901 Avenue of the Stars, 16th Floor, Los Angeles, CA 90067</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____ **OCT 2 7 2009** _____

By: *Natalie Gongaia*
   Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| | |
|---|---|
| **(a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>Bright Imperial Limited, a Hong Kong limited liability company | **DEFENDANTS**<br>Web Entertainment Group Inc., a Florida corporation; Athens Developments Ltd., a business entity of unknown form and origin; WEB Entertainment Group, Ltd., a business entity of unknown form and origin; Neo Publishing Ltd., a business entity of unknown form and origin, Rainbow Eight, a business entity of unknown form and origin, Integralnet Marketing, Inc., a Florida corporation, Jason Zimmerman, an individual, John Skorick, an individual, and Does 1 through 10 |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>James M. Chadwick (157114), Valerie E. Alter (239905), Thayer M. Preece (241824)<br>SHEPPARD MULLIN RICHTER & HAMPTON LLP<br>1901 Avenue of the Stars, 16th Floor, Los Angeles, CA 90067<br>Telephone:(310) 228-3700 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark (15 U.S.C. §§ 1125(a), (c)); Cybersquatting (15 U.S.C. § 1125(d)); state law claims

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | | | |
|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 370 Other Fraud | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty<br>☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 22 Appeal 28 USC 158 | | |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting<br>☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | ☐ 861 HIA(1395ff) |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck<br>☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities – Other | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land<br>☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:   Case Number:   **CV09-7840**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Hong Kong |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Web Entertainment Group, Integralnet Marketing, Inc., Jason Zimmerman, John Skorick - Orange County | Web Entertainment Group, Limited, Athens Developments, Limited, Neo Publishing, Limited - Federation of Saint Kitts and Nevis Rainbow Eight - Nevada |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Valerie E Cy_    Date 10/27/2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.FormsWorkflow.com

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com